UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RYAN BRILL,** ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | **Civil Action No.** |
| v. ) | |
| ) | |
| **CHRISTY WEBBER & COMPANY** ) | |
| **d/b/a CHRISTY WEBBER** ) | |
| **LANDSCAPES,** ) | |
| ) | |
| *Defendant*. ) | |

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Ryan Brill ("Brill" or the "Employee"), by and through his attorneys, Cole Sadkin, LLC, and for his Complaint against Defendant, Christy Webber & Company d/b/a Christy Webber Landscapes ("CWL" or the "Employer"), an Illinois for-profit corporation, and hereby states as follows:

### INTRODUCTION

1. Plaintiff is seeking equitable relief and compensatory damages, and costs and attorney's fees to protect and redress unlawful discrimination on the basis of disability and retaliation.

2. Plaintiff has attempted to mitigate his damages and is currently employed full time at a comparable salary. Plaintiff would like to address his emotional damages but does not have access to proper health insurance to facilitate accordingly.

### JURISDICTION AND VENUE

3. This suit is brought to secure the protection of, and to redress the deprivation of

rights secured by Title I and V of the American with Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq.* (ADA).

4. Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

5. Venue is proper in this Court by virtue of 28 U.S.C. § 1391(b).

**PROCEDURAL REQUIREMENTS**

6. Plaintiff, Ryan Brill, has met all administrative prerequisites to suit in that he filed a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission as Charge No. 440-2018-01815, a copy of which is attached as **Exhibit 1**.

7. Plaintiff received a Right-to-Sue letter on or about April 23, 2018, a copy of which is attached as **Exhibit 2**.

**PARTIES**

8. Plaintiff, Ryan Brill, is a citizen of the United States , and a resident of Illinois.

9. Defendant, Christy Webber Landscapes, is an Illinois for-profit entity and was at all times relevant duly authorized to do business within the state of Illinois, employed fifteen (15) or more employees and was engaged in an industry affecting commerce.

**FACTUAL ALLEGATIONS**

10. On or about January 2000, Brill was diagnosed with major depression, anxiety, and debilitating migraines.

11. On or about August 2009, Brill began employment with CWL and continued to be promoted up to the position of Senior Operations Manager.

12. Although Brill's performance reviews exceeding expectations, he was laid off on

2

or about December 11, 2017.

13. On or about December 11, 2017, Trish Curtis, the Director of Operations of Employer and Brill's direct supervisor, requested to speak with Brill alone in Curtis' office.[1] Curtis expressed to Brill that she was laying off Brill until February 2018.[2] When Brill requested to know why he was receiving a termination, Curtis expressed that Brill needed to "focus on his health".

14. The comments made by Trish Curtis would suggest that the impetus for laying off Brill was related to his medical history and the time off that he had taken due to his disability.

15. As per the medical certification, most recently provided to CWL on December 1, 2016 and previously on August 28, 2015, it has been necessary for Brill to take intermittent FMLA for his migraines.

16. On or about November 29, 2017 through December 1, 2017, Brill had to take FMLA as a result of a migraine that came about from a car accident. *See* FMLA Documentation, attached as **Exhibit 3**.

17. This had caused Brill to exceed his allotted time-off by one (1) day, per CWL policy.

18. Other similarly situated employees in his position, whose departments did not perform as well as Brill's, were not laid off.[3]

19. On or about January 16, 2018, CWL reached out to Brill to ask him to return to work. *See* January 16, 2018 CWL Letter, attached as **Exhibit 4**.

---

[1] No other employees or witnesses were present during this conversation.
[2] Despite requesting documentation, Curtis did not provide any written notice of termination. As of the date of this filing, Employer has not provided any documentation related to this initial termination.
[3] These managers were Diego Garcia and Hector Godinez.

20. On or about January 23, 2018, Brill responded to CWL's January 16, 2018 letter indicating that he would return to work as requested by CWL. Brill also informed CWL that he would be filing a charge with the EEOC. *See* January 23, 2018 Brill Response, attached as **Exhibit 5**.

21. On or about January 31, 2018, CWL retaliated by rescinding their offer and officially terminating his employment. *See* January 31, 2018 CWL Letter, attached as **Exhibit 6**.

22. On or about April 23, 2018, Brill obtained new employment with another company, effectively mitigating his damages. Therefore, Brill is seeking back-pay from December 11, 2017 through April 23, 2018.

## COUNT I

### Unlawful Discrimination in violation of Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. 12111 *et seq.*

23. Plaintiff, Brill, realleges and incorporates herein by reference the allegations stated in paragraph 1 through 22 of the Complaint.

24. Brill is a disabled individual. He has certain documented mental and emotional disabilities, including, but not limited to, anxiety and major depression.

25. Brill's disabilities substantially limit major life activities, specifically performing employment tasks is stressful or uncomfortable environments.

26. Brill meets the requirements for the job of Senior Operations Manager, based on his skills and experience in his employment with CWL for many years. At the time he was discharged, he was capable of performing the essential functions of his job.

27. Brill is a qualified individual with a disability under the ADA. Brill meets

legitimate skill, experience, and other requirements of a Senior Operations Manager at CWL. Brill, with reasonable accommodation, can perform the essential functions of his employment at CWL as a Senior Operations Manager.

28. CWL was aware of Brill's disabilities as Brill submitted proper medical records to CWL.

29. CWL discriminated against Brill in terms and conditions of his employment because of his disability.

30. The CWL, through its supervisors and managers, utilized standards, criteria and methods of administration, such as constructive termination, that had the effect of discriminating against Brill on the basis of his disabilities.

31. The CWL failed to reasonably accommodate Brill when it laid him off due to his needed time-off relating to his disability.

32. The CWL, through the acts of discrimination incorporated from the above allegations, also engaged in a pattern of conduct that aggravated Brill's emotional and mental problems. By refusing to reasonably accommodate Brill, CWL created a work environment for Brill that affected his performance to a greater degree than if he did not have a mental and emotional disability.

33. Brill was denied the equal opportunity for continued employment and the equal enjoyment of the terms and conditions of her employment based, in part, on his disabilities.

34. The CWL's discrimination of Brill, in violation of Title I of the ADA, has caused his emotional and pecuniary damages.

35. As a result of the CWL's misconduct in violation of the ADA, Brill is entitled to

equitable and monetary relief.

WHEREFORE Plaintiff, Ryan Brill, respectfully requests that judgment be entered against Christy Webber & Company d/b/a Christy Webber Landscapes awarding Brill damages, including back pay, compensatory and actual damages, punitive damages to the extent allowed by law, and any other appropriate damages for monetary and non-monetary losses and emotional distress; awarding attorney's fees and costs of suit and such other relief as the Court deems fair and reasonable.

## COUNT II

**Unlawful Retaliation in violation of Title V of The Americans With Disabilities Act of 1990, 42 U.S.C. 12111 *et seq.***

36. Plaintiff realleges and incorporates herein by reference the allegations stated in paragraphs 1 through 35 of this Complaint.

37. Brill received a Right-to-Sue letter from the EEOC on April 3, 2018, allowing him to institute civil action under Titles I and V of the Americans With Disabilities Act (ADA) for retaliation for protected expression under the ADA.

38. Brill is bringing his claim under Titles I and V of the ADA within ninety (90) days of his receipt of his Right-to-Sue letter.

39. Brill is therefore engaged in protected expression under the ADA. Specifically, Brill made CWL aware of his disabilities and requested reasonable accommodations from CWL.

40. CWL did not act reasonably in assisting or accommodating Brill.

41. The CWL took adverse employment actions against Brill. Specifically, laying off Brill due to his needs relating to his disability, then again when CWL rescinded an employment

offer and terminated his position as a result of his filing of a charge with the EEOC.

42. Upon information and belief, CWL undertook the above adverse employment actions against Brill in retaliation for his protected expression under the ADA.

43. CWL's retaliation of Brill, in violation of Title V of the ADA, has caused him emotional and pecuniary damages.

44. As a result of CWL's misconduct in violation of the ADA, Brill is entitled to equitable and monetary relief.

WHEREFORE Plaintiff, Ryan Brill, respectfully requests that judgment be entered against Christy Webber & Company d/b/a Christy Webber Landscapes awarding Brill damages, including back pay, compensatory and actual damages, punitive damages to the extent allowed by law, and any other appropriate damages for monetary and non-monetary losses and emotional distress; awarding attorney's fees and costs of suit and such other relief as the Court deems fair and reasonable.

## JURY DEMAND

Plaintiff Ryan Brill hereby demands a jury trial on all issues appropriately triable by a jury.

Dated May 11, 2018                              By: /s/Mason S. Cole
                                                    Mason S. Cole

Mason S. Cole (Atty. No. 6307727)
Cole Sadkin, LLC
20 South Clark Street, Suite 500
Chicago, Illinois 60603
(312) 548-8610
mcole@colesadkin.com
*Counsel for Plaintiff*